UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SCAPTURA, individually and on behalf of all other persons similarly situated who were employed by HTM TRANSPORTATION, LLC and/or any other entities affiliated with or controlled by HTM TRANSPORTATION, LLC, and HTM ENTERPRISES, INC.<br><br>                                   **Plaintiffs,**<br><br>         -against-<br><br>HTM TRANSPORTATION, LLC., HTM ENTERPRISES, INC., and any related entities,<br><br>                                 **Defendants.** | **COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION**<br>**and**<br>**CLASS ACTION**<br><br>Docket No.: **3:23-cv-134 (DNH/ML)**<br><br><br>**JURY TRIAL DEMANDED** |

Named Plaintiff, Thomas Scaptura ("Named Plaintiff"), by his attorneys Gattuso & Ciotoli, PLLC; allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.   This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") §§ 142 *et. seq.* to recover unpaid wages, as well as related damages owed to the Named Plaintiff and all similarly situated persons (collectively "Plaintiffs") who are presently and/or were formerly employed by HTM Transportation, LLC, HTM Enterprises, Inc., and/or any other entities affiliated with or controlled by either HTM Transportation, LLC, and/or HTM Enterprises, Inc. (hereinafter "Defendants").

1

2.   From 2015 and continuing through the present, Defendants have engaged in a policy and practice of depriving its employees of the applicable straight time wages and potential overtime wages for work they performed, as mandated by federal and state law, by automatically deducting 30 minutes from compensable time of hourly employees for meal breaks when said employees were unable and/or not permitted to take such breaks that were free from all job duties, and failed to provide any procedure for employees to reverse automatic deductions when breaks were not taken.

3.   Upon information and belief, Defendants also failed to provide appropriate wage notices to Named Plaintiff and those similarly situated as required under NYLL.

4.   Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including straight time wages and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## JURISDICTION

5.   Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

6.   The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

7.   The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

8.   Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## THE PARTIES

9.   Named Plaintiff, Thomas Scaptura, is an individual who is currently a resident of Broome County, New York, and was employed by Defendants as a Driver for HTM Taxi from approximately October 2019 to the March 2021.

10. Upon information and belief, Defendant HTM Transportation, LLC, is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 420 Old Mill Rd., Vestal, NY 13850.

11. Upon information and belief, Defendant HTM Enterprises, Inc. is a domestic corporation organized and existing under the laws of the State of New York and authorized to do business within the State of New York, with a principal place of business at 420 Old Mill Rd., Vestal, NY 13850.

12. Upon information and belief, Defendants HTM Transportation, LLC, and HTM Enterprises, Inc., own and operate HTM Taxi and HTM MedTrans.

13. Upon information and belief, at all times relevant to this action, Defendants were Named Plaintiff's employers as defined by NYLL §§ 2(6), 190(3), and 651(6), along with 29 U.S.C. § 203, *et seq.*

## CLASS ALLEGATIONS

14.  The Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

15. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

16. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for the Defendants as full-time Drivers and Medical Transport Assistants ("M.T.A.s"), were paid hourly wages, and who had meal breaks automatically deducted from their wages.

17. Named Plaintiff and potential Plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA and NYLL by failing to pay Named Plaintiff and those similarly situated, neither their regular hourly wage nor the minimum wage for all hours worked and overtime hours at one and one-half times their regular hourly wages for all hours worked in excess of 40 in a week.

18. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable. Additionally, the names of all potential members of the putative class are not known.

19. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.  These questions of law and fact include but are not limited to: (1) whether Names Plaintiff and all other similarly situated employees were able to regularly take 30-minute meal breaks during their work shifts that were free from performing their respective job duties; (2) whether Defendants automatically deducted 30-minute meal breaks from Name Plaintiff's and all other similarly situated employees' clocked worktime on days when they were unable to take a full 30-minute uninterrupted meal break, or provide them with a procedure to cancel and/or reverse the automatic meal break deduction if no breaks were taken; (3) whether Defendants failed to pay the appropriate regular or minimum wage for hours worked up to 40 in a week and overtime wages for all hours worked in excess of 40 in a week; (4) whether Defendants failed to provide Named Plaintiff with proper wage notices during the time of their employment.

4

20. The claims of the Named Plaintiff are typical of the claims of the putative class members. Named Plaintiff and putative class members were all subject to Defendants' policies and willful practice of failing to pay regular and/or minimum wages and failure to pay overtime wages for all hours worked; as well as Defendants' failure to provide wage notices as required by NYLL.

21. Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against the Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## **FACTS**

23. The Named Plaintiff, Thomas Scaptura, repeats each and every allegation previously made here and as if set forth fully herein.

24. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

25. Named Plaintiff was employed by Defendant HTM Transportation, LLC from approximately October 2019 to March 2021, as a Driver.

26. Named Plaintiff was paid an hourly rate of pay of $13.00 per hour at the end of his employment.

27. Named Plaintiff worked full-time, and had a typical work schedule of 9:00am – 5:00pm, Mondays through Fridays.

28. Upon information and belief, Defendants are involved in the business of providing personal transportation and non-emergency medical transportation services to individuals. In furtherance of its operations, Defendants employed and continue to employ numerous individuals, including putative class members, as Drivers and M.T.A.s.

29. This action is brought on behalf of Named Plaintiff and a putative class and collective consisting of similarly situated employees who worked for Defendants as hourly paid Drivers and/or M.T.A.s, and other employees performing similar duties in furtherance of Defendant's operations.

30. Upon information and belief, beginning in or about 2015 and continuing through the present, Defendants' Drivers and M.T.A.s, including the Named Plaintiff and putative class members, on average worked 40 hours per week, but did occasionally exceed this amount of work time.

31. Named Plaintiff and other similarly situated employees performed work for Defendant without receiving pay for all hours worked and overtime compensation, as required by applicable federal and state law.

32. In Defendant HTM Transportation, LLC's Employee Handbook, it states in relevant part:

> **4. Wage and Hour Policies**
>
> **<u>Recording Time</u>**
>
> HTM Taxi uses TSheets to electronically records hours worked. It is each employee's responsibility to use TSheets to record their start and finish times. *<u>Shifts of eight hours automatically incur a 30-minute meal break which can be taken near the shift mid-point as the workload allows</u>*. (emphasis added)

Attached as Exhibit "A" is a copy of the relevant except from Defendant's Employee Handbook.

33. Upon information and belief, the policy identified in HTM Transportation, LLC's Employee Handbook for automatic 30-minute meal breaks has been utilized by both Defendants since commencing their operations.

34. In accordance with Defendants' policy, for every qualifying 8+ hour long shift Named Plaintiff and other similarly situated employees worked, one-half hour (30 minutes) would be automatically deducted from their pay for a meal break.

35. Named Plaintiff and all other similarly situated employees would use the "TSheets" online and mobile application on their phones to clock-in and clock-out for their shifts.

36. After the conclusion of a work shift where Named Plaintiff would clock-out with the TSheets app, the app would then automatically calculate and enter a 30-minute deduction from the total accrued clock-in time to account for an unpaid meal break.

37. This 30-minute meal break deduction was automatically applied by the Defendant toward each of Named Plaintiff's 8+ hour-long work shifts, regardless of whether or not he actually took a 30-minute meal break where he was completely relieved from duty.

38. This 30-minute meal break deduction was automatically applied by the Defendant to all other similarly situated employees as well.

39. Throughout the duration of Named Plaintiff's tenure as an employee of Defendant, he hardly ever got to take a work-free 30-minute meal break during any of his shifts due to his workload and the nature of his job. At best, Named Plaintiff would occasionally get to take a work-free 30-minute meal break once per week, if at all.

40. Named Plaintiff was always on call throughout his shifts, having to run a trip at any given time, and his workload often did not allow them to take a 30-minute break. He was never fully relieved of his duties at any time during his shifts for meal breaks.

41. Defendants' management representatives told Named Plaintiff and all other similarly situated employees that they could "*grab a bite to eat whenever [they] could fit it in*" throughout the workday.

42. Upon information and belief, all other similarly situated employees also rarely ever got to take a work-free 30-minute meal break during their shifts, if at all, due to the same reasons as the Named Plaintiff.

43. In certain weeks, upon information and belief, the automatic 30-minute meal break deductions would prevent Named Plaintiff and those similarly situated from receiving overtime compensation.

44. On multiple occasions, Named Plaintiff spoke with management representatives of the Defendants, including Manager Judy Reid and Co-Owners Andrew Hunt and John McDonough, about his objections over being automatically deducted 30-mintues of time each day for meal breaks when he never actually got to take a 30-minute work-free break. In response, Defendants' representatives would state that they have to perform this automatic time deduction because "*it was mandated by New York State law*," and that it was just "*the way it was*."

45. Defendants did not provide Named Plaintiff or any other similarly situated employees with any procedures or means for canceling and/or reversing the automatic meal-break deduction on days when they did not get to take a full 30-minute work-free meal break.

46. Named Plaintiff had previously asked Manager Judy Reid and Owner Andrew Hunt about the possibility of reversing the automatic deductions, and they both stated to him that "*it could not happen.*"

47. As a result, Named Plaintiffs and those similarly situated were routinely not paid for all hours worked, and at times deprived of appropriate overtime compensation.

48. Defendants consistently and repeatedly used this policy, procedure and method of automatically deducting one-half hour for meal breaks, whether taken by the employee or not, and at times failing to pay overtime across the members of the putative class.

49. Upon information and belief, Defendants also never provided Named Plaintiff and those similarly situated with all required wage notices during their time of employment in violation of NYLL § 195(1), (3), and §§ 198-1(b).

50. Upon information and belief, under 29 U.S.C. § 201, et seq., and the cases interpreting same, both Defendants constitute as an "enterprise engaged in commerce."

51. Defendants constitutes as employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

52. Defendants are employers within the meaning contemplated pursuant to NYLL Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

53. Named Plaintiff and those similarly situated were and are employees, within the meaning contemplated in FLSA, 29 U.S.C. §203(e).

54. Named Plaintiff and those similarly situated were and are employees, within the meaning contemplated, pursuant to NYLL Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

55. Upon information and belief, Defendants are employers within the meaning of the NYLL because it: (i) had the power to hire and fire employees such as the Named Plaintiffs and putative class members; (ii) supervised and controlled employee work schedules or conditions of employment of the Named Plaintiffs and Putative Class members; (iii) determined the rate and method of payment for the Named Plaintiffs and Putative Class Members; and, (iv) maintained employment records for the Named Plaintiffs and Putative Class Members.

9

56. Upon information and belief, Defendants disregarded and evaded recordkeeping requirements of applicable New York State law, including New York Labor Law § 195(4) and 12 NYCRR § 142-2.6, by failing to maintain proper and complete records of hours worked and rates of pay, as well as other employee records.

## **FIRST CAUSE OF ACTION**

## **UNPAID WAGES AND OVERTIME UNDER FLSA**

57. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

58. The Named Plaintiff and similarly situated hourly employees of the Defendants bring this claim for relief pursuant to the Fair Labor Standards Act ("FLSA") at 29 U.S.C. § 201, et seq.

59. Under the FLSA, Named Plaintiff and similarly situated hourly employees are entitled to be compensated for all hours worked where such time is compensable time and is also subject to the regular time and overtime provisions of sections 206 and 207 of the FLSA.

60. Under the FLSA, employers are permitted to automatically deduct 30 minutes from compensable time for meal breaks for hourly employees, provided those employees are permitted a meal break during which they are relieved of all job duties or, alternatively, a procedure exists to reverse the automatic deduction. The employee is not relieved if he/she is required to perform any work-related duties, whether active or inactive, while eating.

61. Throughout the applicable period of time, Defendants automatically deducted 30 minutes of compensable time from Named Plaintiff and similarly situated hourly employees for meal breaks during their work shifts.

62. Throughout the applicable period of time, Named Plaintiff and similarly situated hourly employees of the Defendants were routinely unable to take full 30-minute meal breaks where they

were relieved of all work duties, and Defendants never provided a procedure for employees to cancel and/or reverse the automatic deduction on days where no such break was actually taken.

63. Defendants therefore willfully, knowingly, purposefully, and/or recklessly failed to pay Named Plaintiff and similarly situated hourly employees for all time worked, including time which would have qualified as overtime.

64. Upon information and belief, Named Plaintiff and those similarly situated hourly employees frequently worked more hours than what they were paid for and frequently had adjustments made to their time clock records resulting in a paycheck for less time than what the Plaintiffs actually worked.

65. On this claim for relief, the Named Plaintiff on behalf of himself and other similarly situated hourly employees of Defendants seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

66. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the FLSA.

## SECOND CAUSE OF ACTION

## UNPAID REGULAR TIME AND OVERTIME UNDER NYLL

67. The Named Plaintiff repeats each and every allegation previously made here and as if set forth fully herein.

68. Under NYLL, Named Plaintiff and similarly situated hourly employees are entitled to a half hour break when their scheduled shift exceeds 6 hours.

69. Additionally, Named Plaintiff and similarly situated employees are also entitled to be paid for all hours worked and at an overtime rate of one and one-half times the regular hourly rate when their total hours exceeded 40 hours per week.

70. Even though Named Plaintiff and similarly situated employees are entitled a half-hour rest breaks, and to be paid for all hours worked including overtime rates for hours exceeding 40 per week, Defendants failed to provide required breaks and continues to fail to pay those similarly situated for all hours worked at the appropriate rate of pay, including overtime rates for work in excess of 40 hours per week, as required under to NYLL §§ 190, *et. seq.*, 650, *et. seq*., and, 19 NYCRR §§ 142, *et. seq.*

71. New York Labor Law § 193 precludes deductions from an employee's pay without prior authorization from the employee. Defendants' automatic deductions of one-half hour meal breaks violates New York Labor Law § 193.

72. Upon information and belief, Defendants willfully, purposefully, and/or maliciously failed to pay the required compensation or provided the required rest periods as articulated in this claim for relief.

73. On this claim for relief, the Named Plaintiff on behalf of himself and other similarly situated hourly employees of Defendants seek the payment of all unpaid wages and unpaid overtime wages, such sums to be determined based upon an accounting of the hours worked and wages actually paid for the Named Plaintiff and other similarly situated employees.

74. The Plaintiffs also seek an award of liquidated damages in the amount of 100% of the unpaid regular and overtime wages, plus attorneys' fees, interest, and costs as provided for by the NYLL.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ANNUAL WAGE NOTICES UNDER NYLL

75. Named Plaintiff repeats and re-alleges the allegations set forth above as if fully set forth herein.

76. Upon information and belief, Defendants willfully failed to provide Named Plaintiff and those similarly situated with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing the Plaintiffs' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

77. Named Plaintiff and those similarly situated did not receive all required wage notices during their employment with Defendants.

78. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 191(1) and the supporting New York State Department of Labor Regulations.

79. According to NYLL § 198-1(b), Named Plaintiff and all those similarly situated are entitled to $50 for every day they did not receive a wage notice up to a total of $5,000, together with costs and reasonable attorney's fees.

80. By the foregoing reasons, Defendants violated NYLL §§ 195(1) and are liable to the Plaintiffs pursuant to NYLL 198-1(b) in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## JURY TRIAL DEMANDED

81. The Named Plaintiff demands that all issues of fact be decided by a jury.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demand judgment:

(1)     On the First Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the FLSA;

(2)     On the Second Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages and unpaid overtime to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to New York Labor Law, and

(3)     On the third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages in the amount to be determined at trial, plus interest, attorneys' fees and costs; and

(4)     Such other and further relief as this Court may deem just and proper.

Dated: January 30, 2023

ATTORNEYS FOR THE PLAINTIFF AND
PUTATIVE CLASS

By:     */s/ Ryan G. Files*
Ryan G. Files

14

GATTUSO & CIOTOLI, PLLC
The White House
7030 E. Genesee Street
Fayetteville, New York 13066
Phone: 315-314-8000
Fax: 315-446-7521 (fax)
rfiles@gclawoffice.com